UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID TERRENCE STEPHENS,

    Plaintiff,

v.      Case No. 3:23-cv-258-BJD-LLL

JOHN DOE, WARDEN,
COLUMBIA C.I.,

    Defendant.
_____

## **ORDER**

Before the Court is Plaintiff's Notice (Doc. 5), which it appears he intends to be a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff contends he sufficiently alleged he was in imminent danger sufficient to overcome the three-strikes bar and, thus, his complaint should not have been dismissed.

A court has discretion to alter or amend a final judgment. Fed. R. Civ. P. 59(e). *See also Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). However, motions under Rule 59(e) should not be used to ask a court to "reexamine an unfavorable ruling" in the absence of a manifest error of law or fact, *Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010), or "to raise arguments which could, and should, have been made before the judgment was

issued," *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). A court should exercise its discretion under Rule 59(e) only when a movant presents newly discovered evidence or demonstrates errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Plaintiff points to no newly discovered evidence or errors of law or fact in the Court's dismissal order. *See generally* Doc. 5. Rather, he merely asks the Court to "reexamine an unfavorable ruling," *see Jacobs*, 626 F.3d at 1344, raising an argument the Court considered earlier, *see O'Neal*, 958 F.2d at 1047. *See* Order (Doc. 3) (finding Plaintiff failed to allege facts showing he was in imminent danger under 28 U.S.C. § 1915). Accordingly, his Notice to the Court (Doc. 5), construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of May 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
David Terrence Stephens